## AMERICAN RAILWAY EXPRESS CO. v. CHILDRESS.

No. 15665—Opinion Filed Sept. 15. 1925.

Rehearing Denied Oct. 27, 1925.

(Syllabus.)

1. **Trial — Sufficiency of Instructions—Burden of Proof.**

Failure of the court in one of its instructions to the jury to place the burden of proof upon the party required to establish the same, will not constitute error where the court has defined this duty in another instruction.

2. **Appeal and Error—Review—Conclusiveness of Verdict.**

This court will not disturb the verdict of the jury where there is any competent evidence reasonably tending to support the same.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by W. B. Childress against the American Railway Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Bowling & Farmer, for plaintiff in error.

S. D. Williams, for defendant in error.

LESTER, J. This action originated in the district court of Garvin county, Okla., wherein W. B. Childress was plaintiff and the American Railway Express Company, a corporation, was defendant. The parties will be referred to as they appeared in the court below.

This action was brought to recover for the alleged loss of a shipment of goods from Charles Broadway Rouss, of New York City, to the plaintiff, W. R. Childress, of Wynnewood, Okla. It appears from the petition of the plaintiff that the goods were accepted for shipment by the defendant on or about the first day of September, 1920, and that suit was brought for the value of the same about 20 months after the date of acceptance by the defendant. It was alleged in plaintiff's petition that the value of the goods amounted to $1,349.75, and that the same was never delivered to the plaintiff. In answer to the petition of the plaintiff the defendant filed a general denial. The case came on for trial to a jury on the 11th day of January, 1924, and resulted in a verdict for the plaintiff for the amount sued for, upon which verdict a judgment was rendered accordingly. A motion for new trial was duly filed; the same was overruled and the defendant prosecutes this appeal to reverse the judgment of the district court.

The defendant's petition on appeal contains several assignments of error. The 5th assignment urges that the court erred in overruling the demurrer of the defendant to the evidence. We have carefully read the evidence introduced by the plaintiff, and find the court was fully justified in overruling the defendant's demurrer thereto.

The defendant's 6th assignment of error is that the court erred in overruling the objections of the defendant to the evidence of the witness W. B. Childress as to the value of the shipment in controversy, and it refused to strike the evidence of said W. B. Childress from the record as to the value of the property alleged to have been lost for the reason that said witness did not qualify to testify as an expert or as to the value of the said property. From an examination of the record we find that the witness W. B. Childress testified that he had been engaged in general merchandise for 18 years and that he knew the market value of the property at Wynnewood at the time of its loss. We think that the witness was fully competent to testify as to the value of the merchandise in question.

The defendant insists that the court should have given instruction No. 2, offered by the defendant, which instruction sought to inform the jury that the plaintiff had not offered any testimony proving the value of the shipment in issue and for that reason the verdict of the jury should be in favor of the defendant. We think that the offer of this instruction was properly denied by the court.

Defendant contends that instruction No. 4, given by the court to the jury, was erroneous. The first paragraph of this instruction purports to define the legal relation of the Express Company as between "consignor" and "consignee." We think that the instruction of the court fairly states the law in relation thereto. The second paragraph of the same instruction was objected to by the defendant for the reason that the court stated this case, "if you find from the evidence, * * *" and that the said instruction should have read., "if you find from the preponderance of the evidence." The instructions of the court to a jury are to be considered by the jury in their entirety, and if the court had wholly failed to give an instruction as to the burden of proof required of the plaintiff, then this instruction would have constituted error. However, the court in its instruction No. 3 instructed the jury as follows:

"The burden of proof in this case is upon the plaintiff, W. B. Childress, to prove all material allegations contained in his petition, to your satisfaction and by a preponderance of the evidence; that is, by a greater weight of evidence than that which is introduced by the defendant, and in case plaintiff fails to so prove his cause of action, and every material part thereof by such preponderance of the evidence, then and in that event your verdict should be for the defendant."

The court also in its instruction No. 6 instructed the jury as follows:

"If you fail to find from a preponderance of the evidence that the goods sued for were delivered by the seller to the defendant at the time and place alleged in the plaintiff's petition, consigned to the plaintiff, at Wynnewood, Okla.: or if you find that said goods were so delivered to the de-

fendant, but were by the defendant delivered to the plaintiff at their point of destination, then and in that event you should find for the defendant."

In view of these instructions given by the court, we do not think there was any error in the court giving the instruction as contained in the last paragraph of the court's instruction No. 4.

It is also insisted by the defendant that the testimony of Mrs. Dora Childress, wife of the plaintiff, was inadmissible. It appears that Mrs. Childress assisted her husband at the store kept by him: that she sold goods; collected accounts; placed the cost mark upon goods when received, and therefore qualified to testify, as the agent of the husband, as to whether the merchandise in question was received and the cost mark placed upon the said goods in her husband's store.

From the entire record it appears that the goods were bought by the plaintiff from Charles Broadway Rouss, at New York City; that same were placed and packed into a large box; that said box and its contents were identified by the employes of the said Charles Broadway Rouss, and that the same were delivered to the Express Company, a receipt having been given therefor; and it further appears that there was some testimony on the part of the defendant, by one witness, who was employed at the depot at Wynnewood, who fairly identified the shipment. The plaintiff testified that he never received the shipment of merchandise. The defendant offered testimony to show that the plaintiff had received it, and this issue was fairly presented to the jury, who found in favor of the plaintiff.

This court has held with uniformity that where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 38 Cyc. pp. 1778, 1779, 1785. (2) 4 C. J. p. 854, § 2834.